UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT DELL,

        Plaintiff,                          Hon. Paul L. Maloney

v.                                           Case No. 1:19-cv-1008

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was fifty years of age on his alleged disability onset date. (ECF No. 6-5, PageID.199). He possesses an 11th grade education, and he worked previously as a cutting machine tender, vehicle assembler, and construction worker. (ECF No. 6-2, PageID.51, 63). Plaintiff applied for benefits on January 17, 2017, alleging that he had been disabled since November 26, 2016, due to neck, back, and shoulder pain, as well as a colon resection. (ECF No. 6-5, 6-6, PageID.199-205, 220).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 6-3, 6-4, PageID.101-97). Following an administrative hearing, ALJ Paul W. Jones, in an opinion dated December 5, 2018, determined that Plaintiff did not qualify for disability benefits. (ECF No. 6-2, PageID.46-53, 57-91). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.21-26). Plaintiff timely initiated this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) headaches; (2) degenerative disc disease of the cervical spine, status post fusion of C4-5; and (3) colon resection, severe impairments that whether considered alone or in combination with other impairments failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 6-2, PageID.48-49). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can occasionally climb; and (2)

he can frequently balance, stoop, kneel, crouch, crawl, or reach overhead bilaterally. (*Id.*, PageID.49).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 678,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 6-2, PageID.88-90). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.  Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on

a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to sufficiently account for his back and neck pain or his "manipulative limitations." The medical record, however, reveals otherwise.

On October 5, 2015, Plaintiff participated in an MRI examination of his cervical spine, the results of which revealed "mild" stenosis, but no spinal cord abnormality. (ECF No. 6-7, PageID.303). X-rays of Plaintiff's cervical spine, taken the same day, revealed "mild" degenerative changes with "no acute findings." (*Id.*). A June 20, 2016, MRI examination of Plaintiff's cervical spine again revealed "mild" stenosis, but was otherwise a "stable exam." (*Id.*, PageID.402). X-rays of Plaintiff's cervical spine, taken August 8, 2016, revealed "moderate" disc space narrowing at C4-5, but "no evidence of pathologic subluxation or instability." (*Id.*, PageID.285).

On December 21, 2016, Plaintiff underwent a discectomy and fusion at C4-5. (*Id.*, PageID.288-89). X-rays of Plaintiff's cervical spine, taken on January 27, 2017, revealed a "stable fusion" at C4-5, with no evidence of fracture or subluxation. (*Id.*, PageID.286). The vertebral body heights were "preserved," the cervical discs were "not significantly narrowed," and the prevertebral soft tissues were "normal in thickness." (*Id.*).

Treatment notes dated February 1, 2017, indicate that Plaintiff exhibited normal sensation and reflexes in his upper and lower extremities. (*Id.*, PageID.301). The results of a February 17, 2017 examination were likewise unremarkable. (*Id.*, PageID.308-09). X-rays of Plaintiff's cervical spine, taken on March 7, 2017, revealed a "stable" and "intact" fusion at C4-5 with "no evidence of acute cervical fracture or malalignment." (*Id.*, PageID.287). The disc spaces were "not significantly narrowed," and the prevertebral soft tissues were "normal in thickness." (*Id.*). An October 9, 2017, MRI of Plaintiff's cervical spine revealed "adequate decompression" at C4-5 with no evidence of nerve root impingement. (ECF No. 6-9, PageID.561). The examination also revealed "mild" degenerative changes at C5-7 with no evidence of stenosis or impingement. (*Id.*).

On October 23, 2017, Plaintiff reported his pain as 4/10. (ECF No. 6-8, PageID.507). The results of a physical examination were unremarkable. (*Id.*, PageID.507-10). On December 5, 2017, Plaintiff again reported his pain as 4/10. (*Id.*, PageID.502). The results of a physical examination were again unremarkable. (*Id.*, PageID.502-05). An MRI of Plaintiff's brain and cervical spine revealed unspecified post-operative changes at C4-5 as well as "mild" degenerative changes at C5-7 without evidence of canal stenosis, cord compression, or impingement of the nerve roots. (*Id.*, PageID.505).

A December 29, 2017 examination revealed no evidence of gait impairment or neurological abnormality. (*Id.*, PageID.486). Palpation of Plaintiff's neck and spine produced tenderness, but there was no evidence of joint deformity, synovitis,

or joint effusion in Plaintiff's upper and lower extremities. (*Id.*). The doctor concluded that there was "no clinical sign of inflammatory arthritis or autoimmune connective tissue disease." (*Id.,* PageID.487). Finally, the Court notes that none of Plaintiff's care providers have articulated functional limitations for Plaintiff which are inconsistent with the ALJ's RFC assessment.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument is essentially that this Court should re-weigh the evidence and reach a different conclusion which it is not permitted to do. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:   July 27, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge